UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 09-CV-82380-DIMITROULEAS/SNOW

FEDERICO RAMIREZ, on his own
behalf and others similarly situated,

    Plaintiff,

vs

MAR-A-LAGO CLUB, LLC, a Delaware
limited liability company,

    Defendant.                                      /

## DEFENDANT MAR-A-LAGO CLUB, LLC'S
## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Mar-A-Lago Club, LLC, ("Defendant") by and through undersigned counsel, hereby serves this Answer and Affirmative Defenses to the Complaint filed by Plaintiff, Federico Ramirez ("Plaintiff"), and states:

## ANSWER

1. Defendant admits only that Federico Ramirez was an employee of Defendant, Mar-A-Lago Club, LLC, and that Plaintiff purports to bring an action under the cited statute. However, Defendant denies any liability to Plaintiff whatsoever, denies that Plaintiff has any valid cause of action or is entitled to any form of damages or relief, denies that Plaintiff is similarly situated with any other employee, and denies all remaining allegations contained in Paragraph No. 1.

2. In answering Paragraph 2, Defendant denies that Plaintiff was employed as a "Bartender" but admits the Plaintiff performed his job duties in Palm Beach County, Florida.

3. Defendant admits the allegations contained in Paragraph No. 3.

4. Defendant admits only that Plaintiff purports to bring this action to recover overtime compensation, liquidated damages, and costs and reasonable attorneys' fees under the cited statute. Defendant denies any liability to Plaintiff whatsoever, denies that Plaintiff has any valid cause of

action or is entitled to any form of damages or relief and denies the remaining allegations contained in Paragraph No. 4.

     5.     Defendant admits that the Court has jurisdiction in this matter.

     6.     The allegations of Paragraph No. 6 are worded in such a way as to put Defendant in an improper position such that any response could be mistaken as some form of admission that additional plaintiffs may join this action; in fact, Defendant denies that any additional plaintiffs may join this lawsuit.  Defendant admits only that this Court has jurisdiction in this matter and denies all remaining allegations.

     7.     Defendant denies the allegations contained in Paragraph  No. 7.

     8.     Defendant denies the allegations contained in Paragraph  No. 8.

     9.     The allegations of Paragraph No. 9 are worded in such a way as to put Defendant in an improper position such that any response could be mistaken as some form of admission that additional persons who Plaintiff alleges may become plaintiffs in this action are entitled to overtime pay; in fact, Defendant denies that additional persons are similarly situated to Plaintiff and may become plaintiffs in this lawsuit, and denies that any such purported person is entitled to overtime pay. Defendant denies the allegations contained in Paragraph No. 9.

     10.     The allegations of Paragraph No. 10 are worded in such a way as to put Defendant in an improper position such that any response could be mistaken as some form of admission that additional persons are similarly situated with Plaintiff; in fact, Defendant denies that additional persons are similarly situated to Plaintiff.   Defendant denies the allegations contained in Paragraph No. 10.

     11.     The allegations of Paragraph No. 11 are worded in such a way as to put Defendant in an improper position such that any response could be mistaken as some form of admission that additional persons are similarly situated with Plaintiff; in fact, Defendant denies that additional

persons are similarly situated to Plaintiff.  Defendant denies the allegations contained in Paragraph No. 11.

12.	The allegations of Paragraph No. 12 are worded in such a way as to put Defendant in an improper position such that any response could be mistaken as some form of admission that additional persons are similarly situated with Plaintiff; in fact, Defendant denies that additional persons are similarly situated to Plaintiff.  Defendant denies the allegations contained in Paragraph No. 12.

13.	Defendant is without knowledge, and therefore denies, the allegations concerning Plaintiff's retention of counsel.  Defendant denies all remaining allegations in contained in Paragraph No. 13.

## COUNT I – Recovery of Overtime Compensation

14.	Defendant realleges and incorporates by reference its answers to Paragraph Nos. 1 through 13 as if fully set forth herein.

15.	The allegations of Paragraph No. 15 are worded in such a way as to put Defendant in an improper position such that any response could be mistaken as some form of admission that additional employees are similarly situated with Plaintiff; in fact, Defendant denies that additional employees are similarly situated to Plaintiff.  Defendant denies the allegations contained in Paragraph No. 15.

16.	The allegations of Paragraph No. 16 are worded in such a way as to put Defendant in an improper position such that any response could be mistaken as some form of admission that additional employees are similarly situated with Plaintiff; in fact, Defendant denies that additional employees are similarly situated to Plaintiff.  Defendant denies the allegations contained in Paragraph No. 16.

17.	The allegations of Paragraph No. 17 are worded in such a way as to put Defendant in

an improper position such that any response could be mistaken as some form of admission that additional employees are similarly situated with Plaintiff; in fact, Defendant denies that additional employees are similarly situated to Plaintiff.   Defendant denies the allegations contained in Paragraph No. 17.

18. Defendant admits that Plaintiff purports to demand a jury trial.

19. Defendant denies that Plaintiff is entitled to recover the relief requested in the "Wherefore" clause of Plaintiff's Complaint.

## General Denials

Defendant denies each and every allegation and inference of the Complaint that are not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff has failed to state a cause of action upon which relief can be granted by failing to allege the requisite elements of a cause of action under the Fair Labor Standards Act ("FLSA").

### Second Affirmative Defense

Plaintiff's claims are barred in whole or in part by the provisions of 29 U.S.C. §259, because actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

### Third Affirmative Defense

If Plaintiff proves that Defendant acted in violation of the FLSA, which it denies, such action was not willful or reckless, but rather was in good faith, and based upon a reasonable belief that such

action was not a violation of the FLSA, and thus, neither liquidated damages, nor a three year statute of limitations is warranted.

### Fourth Affirmative Defense

To the extent that the period of time alluded to in the Complaint predates the limitations period set froth in 29 U.S.C. §255(a), such claims are barred.

### Fifth Affirmative Defense

If Plaintiff proves he was not an exempt employee for any portion of his employment with Defendant (which is denied), to the extent that some overtime may have been worked for which Plaintiff did not receive compensation (which is denied), Plaintiff's claims should be denied based upon the application of the "de minimus rule."  The amounts are insubstantial, insignificant or, as a practical administrative matter, could not have been precisely recorded, so that the Plaintiff is precluded from recovering as to such time.

### Sixth Affirmative Defense

If Plaintiff proves any violation of the FLSA, which is denied, Defendant is entitled to a set-off for all compensation or funds paid to or procured by Plaintiff.  If Plaintiff denies his salary was understood to be his compensation for all hours worked, for each work week, Defendant is entitled to a set-off and/or affirmative judgment in recoupment for all compensation and funds that were paid to Plaintiff to which he was not entitled.  Specifically, if Plaintiff claims that his salary was for a specified number of hours, then Plaintiff was not entitled to compensation for all days and/or hours that he missed work.  Defendant is entitled to a set-off and/or affirmative judgment in recoupment for all compensation or funds paid to or procured by Plaintiff to which he had no entitlement.

### Seventh Affirmative Defense

If Plaintiff denies his salary was understood to be his compensation for all hours worked, for each work week, and if Plaintiff proves he was not an exempt employee for any portion of his

employment with Defendant (which is denied), to the extent that some overtime may have been worked for which Plaintiff did not receive full time-and-one-half compensation, Plaintiff is entitled to recover, if anything, only his half-time rate of pay for any such overtime hours.

### Burden of Proof Not Assumed

By raising certain matters as affirmative defenses, Defendant does not thereby assume the burden of proof with respect to those matters to the extent that they are not affirmative defenses but rather an element of Plaintiff's claim.

### Reservation of Rights

Defendant reserves the right to assert additional affirmative defenses and defenses as may appear applicable during the course of this litigation.

### Attorneys' Fees

Defendant has retained the law firm of Schwarzberg & Associates and has agreed to pay it a reasonable fee for its services.  Pursuant to 28 U.S.C. §1927 and otherwise, Defendant is entitled to recover its attorneys' fees and costs incurred in this action.

WHEREFORE, Defendant respectfully requests that this Court dismiss the Plaintiff's Complaint with prejudice, enter judgment in favor of Defendant, award Defendant reasonable attorney's fees and costs incurred in this action, and award any such other relief that this Court deems just and proper.

Federico Ramirez vs Mar-A-Lago Club, LLC
CASE NO.:  09-CV-82380-Dimitrouleas-Snow

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this  20th day of January, 2010, I electronically filed the foregoing Answer and Affirmative Defenses with the Clerk of the Court by using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to Notices of Electronic Filing.

SCHWARZBERG & ASSOCIATES
Attorneys for Defendant, STEFFAN
222 Lakeview Avenue
Esperanté - Suite 210
West Palm Beach, FL  33401
Telephone:   (561) 659-3300
Facsimile:    (561) 659-1911

By: */s/ Kerry A. Raleigh*
STEVEN L. SCHWARZBERG
Florida Bar No. 0306134
steve@schwarzberglaw.com
CARRIE B. CHERVENY
Florida bar No. 022408
ccherveny@schwarzberglaw.com
KERRY A. RALEIGH
Florida Bar no. 0170290
kraleigh@schwarzberglaw.com