UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 09-CV-82380-DIMITROULEAS/SNOW

FEDERICO RAMIREZ, on his own
behalf and others similarly situated,

      Plaintiff,

vs

MAR-A-LAGO CLUB, LLC, a Delaware
limited liability company,

_____Defendant._____ /

## JOINT MOTION TO APPROVE OF SETTLEMENT AGREEMENT AND DISMISS CASE WITH PREJUDICE

Plaintiff, FEDERICO RAMIREZ, (hereinafter "Plaintiff"), and the Defendant, MAR-A-LAGO CLUB, LLC (hereinafter "Defendant"), by and through their undersigned attorneys, file this Joint Motion to Approve Settlement Agreement and Dismiss Case with Prejudice, and state as follows:

### PRELIMINARY STATEMENT

The Plaintiff, FEDERICO RAMIREZ, filed his Complaint alleging that Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), by failing to pay him and other similarly situated employees overtime compensation. Defendant denies any wrongdoing under the FLSA and assert several defenses. First, Defendants maintain that the Plaintiff was at all times an exempt employee. Second, Defendant maintains that even if Plaintiff was to prove he was not an exempt employee for any portion of his employment (which is denied), Plaintiff did not regularly work over forty hours within one week. As such, Defendant further maintains that overtime hours worked, if any, are insubstantial, insignificant

1

or, as a practical administrative matter, could not have been precisely recorded, so that the Plaintiff is precluded from recovering as to such time. Third, Defendant contends that Plaintiff was paid on a salary basis as compensation for all hours worked. As a result, Defendant maintains that even if Plaintiff proves he worked hours in excess of forty hours within one work week (which Defendant denies), Plaintiff would be entitled to only his half-time rate for any such hours.  Fourth, after reviewing its records, Defendant contends that the number of weeks and hours Plaintiff could reasonably have worked, and determined that the maximum Plaintiff could be owed for overtime pay (**if** Plaintiff was  found to be a non-exempt employee) are less than what Plaintiff claims to have worked.  However, to avoid the costs and uncertainty of litigation, the parties have negotiated a settlement in this matter.

Although the Settlement Agreement in no way constitutes an admission of liability by either party, the settlement is fair, reasonable and equitable to all Parties involved in this litigation.  Pursuant to <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised only with the approval of the district court or the Secretary of Labor. If a settlement in a Plaintiff's FLSA suit reflects a fair resolution of the issues, the Court may approve the settlement "to promote the policy of encouraging settlement of litigation." <u>Id</u>. at 1354.  Therefore, the parties submit their settlement agreement, attached hereto as **Exhibit "A,"** for review by the Court.  The Parties request that the Court approve the terms of the settlement agreement in this matter.

## MEMORANDUM OF LAW

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be

approved by the District Court.  See Lynn's Food Stores, Inc., 679 F.2d at 1350.[1]  To approve the settlement, the court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.  Id. at 1354.  If the settlement meets the afore-mentioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation.  Id; see also Sneed v. Sneed's Shipbuilding, Inc., 545 F.2d 537, 539 (5th Cir. 1977).

In approving FLSA settlements, Florida's federal district courts have considered factors generally used in approving the settlement of class actions, including the following (among others):  (i) the existence of fraud or collusion behind the settlement; (ii) the complexity, expense and lengthy duration of the litigation; (iii) the stage of the proceedings; (iv) the probability of Plaintiff's success on the merits; and (v) the range of possible recovery.  See Marcum v. Covert Consultants, Inc., 2006 WL 1626987 *2 (M.D. Fla. 2006) (citing Leverso v. Lieberman, 18 F. 3d 1527, 1531 n.6 (11th Cir. 1994)).  When considering these factors, the Court should keep in mind the strong presumption in favor of finding a settlement fair.  Cotton v. Hinton, 559 F. 2d 1326, 1331 (5th Cir. 1977).

In this case, the Parties respectfully request judicial approval of the Settlement Agreement because there is no fraud or collusion in the settlement of this action and a settlement of this matter will prevent expensive, protracted, and uncertain litigation.  The Parties have been able to assess each of their respective positions, as well as each others, had had an opportunity to negotiate, consider and consult counsel concerning this settlement, and have each decided that it is in their respective best interest to resolve this matter by settlement rather than by trial.

---

[1] The Parties do not dispute that Court approval of settlements are not necessary when the parties agree that they are settling for the full amount of wages claimed by Plaintiff, but have chosen to seek Court approval of the settlement agreement regardless.  MacKenzie v. Kindred Hospitals East, LLC, 276 F. Supp. 2nd 1211, 1217 (M.D. Fla. 2003) (where a plaintiff is offered full compensation on his FLSA claim, no compromise is involved and judicial approval is not required).

Furthermore, the parties agree that the attached settlement terms represent a fair and equitable resolution of this matter, for among other reasons, the following:

1.      Ramirez filed this lawsuit in which he alleges he was not paid overtime compensation and for other relief under the Fair Labor Standards Act ("FLSA").

2.      Defendant denied all material allegations of wrongful conduct contained therein and further denies that Ramirez is entitled to any relief whatsoever.  Specifically, Defendant maintains that Plaintiff qualifies for the administrative exemption and that he is not entitled to any overtime whatsoever.

3.      Assuming arguendo, for settlement purposes only, that Plaintiff was found to be a non-exempt employee, Defendant reviewed Plaintiff's potential overtime claim.

▪      Defendant contends that Plaintiff was paid a salary with the understanding between Plaintiff and Defendant being that the salary was compensation for all hours worked within a work week.  Therefore, if Plaintiff was found to be a non-exempt employee, Plaintiff would be entitled to only his half-time rate of pay for any overtime hours.    Plaintiff and his counsel do not dispute that half-time is the proper manner of calculating damages in this case.

▪      Defendant reviewed the number of weeks and hours Plaintiff could reasonably have worked.  Plaintiff worked a total of 39 weeks, not the 56 weeks claimed by Plaintiff.  Furthermore, because the Defendant's business is driven by the Season, which typically consists of approximately only 17 weeks, Defendant is not busy and has limited hours of operation during the off Season. Even during the Season, Defendant is not consistently busy; only certain weeks during which

there is a particularly high volume of business or special events would there be enough work for employees to work overtime hours.   Therefore, of Plaintiff's 39 work-weeks, Defendant contends that, Plaintiff could have worked overtime hours, if any, for at most 10 weeks.   As such,  Defendant determined that the maximum Plaintiff could be owed for overtime pay (**if** Plaintiff was found to be a non-exempt employee) is $1,250, calculated by multiplying 10 weeks times an average of no more than 10 overtime hours per week times $12.50 (his half-time rate).

- Defendant further contends that Defendant acted in good faith; and as a result, there is a strong argument that liquidated damages are not available in this case and that all Plaintiff would be entitled to recover would be limited to $1,250.  If liquidated damages were awarded, the total would not exceed $2,500.

- In this settlement, Defendant has agreed to pay Plaintiff twice that amount ($5,000) as well as all of Plaintiff's attorneys' fees ($8,000).    As such, the settlement payment more than compensates Plaintiff for any unpaid overtime he could arguably claim he was entitled to, and Plaintiff's damages and his counsel's attorneys' fees were separately negotiated to ensure Plaintiff's recovery was not compromised in any way.   Plaintiff has knowingly agreed to accept same as fair and reasonable, in light of the above.

4.    Although the Settlement Agreement in no way constitutes an admission of liability by either party, Defendant acknowledges that in the event Plaintiff would prevail on his claims, Plaintiff may be entitled to his attorneys' fees. Therefore, as part of the settlement,

Defendant has agreed to pay Plaintiff's attorneys' fees in the amount set forth in the Settlement Agreement.

5.      The consideration paid pursuant to the Settlement Agreement is a mutually agreeable resolution of Plaintiff's claim. The Settlement Proceeds exceed the value of Plaintiff's overtime claims. The excessive portions of the Settlement Proceeds and Defendant's promises within the Settlement Agreement, including but not limited to Defendant's general release in favor of Plaintiff and its agreement to provide a neutral letter of reference, are consideration for Plaintiff's promises contained within the Settlement Agreement, including but not limited to Plaintiff's general release in favor of Defendant.

Indeed, the Defendant has agreed to pay Plaintiff all that he could possibly be entitled to in this litigation, including liquidated damages, and attorneys' fees and costs, even though the Defendant disputes the Plaintiff is entitled to any overtime wages and liquidated damages.  For these reasons set forth above, in addition to the fact that the parties were represented by competent counsel having experience in FLSA claims, the Parties' Settlement Agreement is reasonable, and this Court should approve the Settlement.

WHEREFORE, the parties respectfully request that the Court enter an Order: (1) approving the terms of the settlement of Plaintiff's claims; (2) dismissing this action with prejudice; (3) retaining jurisdiction to enforce the terms of the settlement; and, (4) granting the parties such further relief as the Court deems just.

Respectfully submitted,

| | |
|---|---|
| SHAVITZ LAW GROUP, P.A.<br>Counsel for Plaintiff<br>1515 South Federal Highway<br>Suite 404<br>Boca Raton, FL  33432-7451<br>Telephone:    (561) 447-8888<br>Facsimile:    (561) 447-8831<br>Email: gshavitz@shavitzlaw.com<br><br><br>By: */s/ Gregg I. Shavitz Esq.*<br>Gregg I. Shavitz, Esq.<br>Florida Bar No.: 11395 | SCHWARZBERG & ASSOCIATES<br>Attorneys for Defendants<br>Esperanté Building, Suite 210<br>222 Lakeview Avenue<br>West Palm Beach, FL  33401<br>Telephone:    (561) 659-3300<br>Facsimile:    (561) 659-1911<br>Email: kraleigh@schwarzberglaw.com<br><br><br>By: */s/ Kerry A. Raleigh, Esq.*<br>Steve L. Schwarzberg, Esq.<br>Florida Bar No.: 0306134<br>Kerry A. Raleigh, Esq.<br>Florida Bar No.: 0170290 |